

640

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. N. Darst
County Auditor
Fort Ben County
Richmond, Texas

Dear Sir:

Opinion No. Q-1945
Re: Authority of commissioners'
court to purchase automobiles
for use of commissioners in
connection with official
business

Your request for an opinion on the following question has been received by this department:

"Does Section 2 or any part of the special road law of Fort Bend County, Texas, exempt Fort Bend County from Opinions Nos. 0-752 and 0-996, rendered by this Department?"

In the opinions herein referred to, this department held that the commissioners' court in counties operating under the general road law of the State of Texas, as set out in Title 44, Volume 7, of Vernon's Civil Statutes, is not empowered or authorized to buy automobiles, pick-ups, or trucks for the county to be used by the commissioners in performance of their duties as county commissioners.

We quote that portion of Section 2 of the special road law of Fort Bend County applicable to this question as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. N. Darst, page 2


"Said commissioners' court shall have power to purchase such teams, tools and machinery as may be necessary for the working of its roads."

We have carefully examined the special road law for Fort Bend County, from which the above quotation was taken, and can find nothing therein which would exempt said county from the general rule announced in our Opinions Nos. O-752 and O-996.

Please do not understand us as passing on the constitutionality of the special road law of your county in this opinion.

Trusting this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *Fred C. Chandler*
          Fred C. Chandler
               Assistant

FCC:AW


DEC 26, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN